UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | Case No. 1:11-cr-152-JPH-DML-04 |
| v. | ORDER ON MOTIONS FOR SENTENCE REDUCTION UNDER 18 U.S.C. § 3582(c)(1)(A) |
| KENNETH WINKLER | (COMPASSIONATE RELEASE) |

Upon motions of ☒ the defendant ☐ the Director of the Bureau of Prisons for a reduction in sentence under 18 U.S.C. § 3582(c)(1)(A), and after considering the applicable factors provided in 18 U.S.C. § 3553(a) and the applicable policy statements issued by the Sentencing Commission,

IT IS ORDERED that the motions are:

☒ DENIED.

☐ DENIED WITHOUT PREJUDICE.

☐ OTHER:

☒ FACTORS CONSIDERED: See attached opinion.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>KENNETH WINKLER, )<br>)<br>Defendant. ) | No. 1:11-cr-00152-JPH-DML<br><br>-04 |

## **ORDER**

Defendant Kenneth Winkler has filed motions seeking compassionate release under § 603 of the First Step Act of 2018, which is codified at 18 U.S.C. § 3582(c)(1)(A). Dkt. 671, 676. Mr. Winkler seeks immediate release from incarceration. Dkt. 676. For the reasons explained below, his motions are **DENIED**.

### **I.    Background**

In 2012, the Court sentenced Mr. Winkler to 240 months of imprisonment and 10 years of supervised release after he pled guilty to conspiracy to possess with intent to distribute and to distribute 50 grams or more of actual methamphetamine. Dkts. 339, 340. The FBI arrested Mr. Winkler after a wiretap investigation revealed that he was engaged in an ongoing methamphetamine trafficking ring in Indianapolis. Dkt. 326. Mr. Winkler was involved in receiving from a codefendant, and then distributing, multiple ounces of methamphetamine each week for a time span of several months. *Id*. Mr. Winkler's involvement in the conspiracy left him responsible for no less than 1.5 kilograms of methamphetamine. *Id*. Prior to sentencing, the United States filed an information pursuant to 21 U.S.C. § 851, alleging that Mr. Winkler had a 2004

Indiana conviction for felony dealing methamphetamine. Dkt. 336. As a result, the minimum mandatory sentence was, under the law as it existed at the time, 240 months. Dkt. 326.

Mr. Winkler is 37 years old. He is currently incarcerated at FCI Terre Haute's minimum security camp in Terre Haute, Indiana. As of March 3, 2021, the Bureau of Prisons ("BOP") reports that 4 inmates and 13 staff members at FCI Terre Haute have active cases of COVID-19; it also reports that 438 inmates at FCI Terre Haute have recovered from COVID-19 and that 4 inmates at FCI Terre Haute have died from the virus. https://www.bop.gov/coronavirus/ (last visited Mar. 4, 2021). Mr. Winkler has been incarcerated for about nine-and-a-half years. The BOP lists his anticipated release date (with good-conduct time included) as August 16, 2028. That is, he has served a little less than 60% of his sentence.

In October 2020, Mr. Winkler filed a pro se motion for compassionate release and supplement. Dkts. 671, 675. The Court appointed counsel. Dkt. 672. Appointed counsel filed an amended motion for compassionate release and supporting memorandum, dkts. 676, 677, and the United States responded, dkt. 679. Mr. Winkler did not file a reply. Thus, the motions are now ripe for decision.

**II.     Discussion**

Mr. Winkler seeks immediate release based on "extraordinary and compelling reasons" as set forth in 18 U.S.C. § 3582(c)(1)(A)(i). Dkt. 677. Specifically, he contends that his underlying medical conditions (borderline obesity, history of ruptured spleen, chronic pain), which make him more susceptible to severe complications from COVID-19, combine with the BOP's inability to control COVID-19 outbreaks in their facilities to establish extraordinary and compelling reasons

to reduce his sentence to time served.[1] *Id.* In response, the United States argues that Mr. Winkler has not shown extraordinary and compelling reasons to grant release; that he remains a danger to the community if released; and that the sentencing factors in 18 U.S.C. § 3553(a) do not favor release. Dkt. 679.

The general rule is that sentences imposed in federal criminal cases are final and may not be modified. 18 U.S.C. § 3582(c). Under one exception to this rule, a court may reduce a sentence upon finding there are "extraordinary and compelling reasons" that warrant a reduction. 18 U.S.C. § 3582(c)(1)(A)(i). Before the First Step Act, only the Director of the Bureau of Prisons ("BOP") could file a motion for a reduction based on "extraordinary and compelling reasons." Now, a defendant is also permitted to file such a motion after exhausting administrative remedies. *See* First Step Act of 2018, Pub. L.N. 115-391, 132 Stat. 5194, 5239 (2018). The amended version of the statute states:

> [T]he court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the

---

[1] Mr. Winkler also argues that, if he were sentenced today, he would not face a minimum mandatory sentence of 20 years. Instead, the minimum mandatory sentence would be 15 years. *See* 21 U.S.C. § 841(b)(1)(A) (eff. Dec. 21, 2018). Moreover, he asserts that the conviction the United States used as the basis of its § 851 Information no longer qualifies as a predicate offense under § 841 and, thus, that his minimum mandatory sentence would be only 10 years if he were sentenced today. Finally, he claims that, if he were sentenced today, his guideline range would be lower. The Court does not understand Mr. Winkler to be arguing that any of these facts are extraordinary and compelling reasons warranting a sentence reduction, *see* dkt. 677 at 18 (addressing these facts in the discussion of the 18 U.S.C. § 3553 factors), and the Court finds any such argument to be waived. To the extent Mr. Winkler is arguing that these facts constitute extraordinary and compelling reasons warranting a sentence reduction, this Court has consistently concluded that non-retroactive changes to sentencing schemes—such as those involved here—are not extraordinary and compelling reasons warranting a sentence reduction. *See United States v. Tingle*, No. 4:15-cr-23-TWP-VTW-1, dkts. 260, 276 (S.D. Ind.) (collecting cases); *United States v. Saylor*, 1:10-cr-46-SEB-MJD-01, dkt. 282 (S.D. Ind. Jan. 26, 2021).

> defendant's facility, whichever is earlier,[2] may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
>
>> (i) extraordinary and compelling reasons warrant such a reduction; or
>>
>> (ii) the defendant is at least 70 years of age, has served at least 30 years in prison, pursuant to a sentence imposed under section 3559(c), for the offense or offenses for which the defendant is currently imprisoned, and a determination has been made by the Director of the Bureau of Prisons that the defendant is not a danger to the safety of any other person or the community, as provided under section 3142(g);
>
> and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission . . . .

18 U.S.C. § 3582(c)(1)(A).

Congress directed the Sentencing Commission to "describe what should be considered extraordinary and compelling reasons for sentence reduction, including the criteria to be applied and a list of specific examples." 28 U.S.C. § 994(t). It directed that "[r]ehabilitation of the defendant alone shall not be considered an extraordinary and compelling reason." *Id*. Before passage of the First Step Act, the Sentencing Commission promulgated a policy statement regarding compassionate release under § 3582(c). U.S.S.G. § 1B1.13.

Section 1B1.13 sets forth the following considerations. First, whether "[e]xtraordinary and compelling reasons warrant the reduction" and whether the reduction is otherwise "consistent with this policy statement." U.S.S.G. § 1B1.13(1)(A), (3). Second, whether the defendant is "a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)."

---

[2] Mr. Winkler submitted his request for a reduction in sentence to the warden on September 1, 2020, dkt. 675-1, and it does not appear that the warden responded. More than 30 days elapsed before he filed his motion for compassionate release. The United States does not argue that Mr. Winkler failed to exhaust his administrative remedies.

5

U.S.S.G. § 1B1.13(2). Finally, consideration of the sentencing factors in 18 U.S.C. § 3553(a), "to the extent they are applicable." U.S.S.G. § 1B1.13.

As to the first consideration, Subsections (A)-(C) of Application Note 1 to § 1B1.13 identify three specific "reasons" that qualify as "extraordinary and compelling": (A) terminal illness diagnoses or serious conditions from which a defendant is unlikely to recover and which "substantially diminish[]" the defendant's capacity for self-care in prison; (B) aging-related health decline where a defendant is over 65 years old and has served at least ten years or 75% of his sentence, whichever is less; or (C) certain family circumstances (the death or incapacitation of the caregiver of the defendant's minor child or the incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner). U.S.S.G. § 1B1.13, Application Note 1(A)–(C). Subsection (D) adds a catchall provision for "extraordinary and compelling reason[s] other than, or in combination with, the reasons described in subdivisions (A) through (C)," "[a]s determined by the Director of the Bureau of Prisons." *Id.*, Application Note 1(D).

The policy statement in § 1B1.13 addresses only motions from the Director of the BOP. *Id.* ("Upon the motion of Director of the Bureau of Prisons under 18 U.S.C. § 3582(c)(1)(A), the court may reduce a term of imprisonment . . . "). It has not been updated since the First Step Act amended § 3582(c)(1)(A) to address motions that are filed by prisoners. As a result, the Sentencing Commission has not yet issued a policy statement "applicable" to motions filed by prisoners. *United States v. Gunn*, 980 F.3d 1178, 1180–81 (7th Cir. 2020). And, in the absence of an applicable policy statement, the portion of § 3582(c)(1)(A) requiring that a reduction be "consistent with the applicable policy statements issued by the Sentencing Commission" does not curtail a district court judge's discretion. *Id.* at 1180. Nonetheless, the Commission's analysis in

6

§ 1B1.13 can guide a court's discretion without being conclusive. *Id.* As to motions brought under the "catchall" provision in Subsection (D), district judges should give the Director of the BOP's analysis substantial weight (if he has provided such an analysis), even though those views are not controlling. *Id.*

Accordingly, the Court evaluates motions brought under the "extraordinary and compelling" reasons prong of § 3582(c)(1)(A) with due regard for the guidance provided in § 1B1.13 by deciding: (1) whether a defendant has presented an extraordinary and compelling reason warranting a sentence reduction; (2) whether the defendant presents a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g); and (3) whether the applicable sentencing factors in § 3553(a) favor granting the motion.

Mr. Winkler does not suggest that Subsections (A)-(C) of Application Note 1 to § 1B1.13 provide him with an extraordinary and compelling reason warranting release. Instead, he asks the Court to exercise its broad discretion to find an extraordinary and compelling reason warranting release in this case.[3]

The risk that Mr. Winkler faces from the COVID-19 pandemic is not an extraordinary and compelling reason to release him. While the Court sympathizes with Mr. Winkler's fear of contracting the virus, the general threat of contracting COVID-19 is not an extraordinary and compelling reason warranting a sentence reduction. *See United States v. Raia*, 954 F.3d 594, 597 (3d Cir. 2020) ("[T]he mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release, especially considering BOP's statutory role, and its extensive and professional efforts to curtail the virus's

---

[3] Mr. Winkler made an administrative request for relief to his warden, but it does not appear that the warden ever responded or took a position as to whether extraordinary and compelling reasons exist in this case. Dkt. 675, 677. As a result, there is no opinion from the BOP to which the Court must give weight.

7

spread."); *United States v. Jackson*, No. 1:18-cr-314-RLY-MJD01, dkt. 33 (S.D. Ind. Aug. 12, 2020) (concluding that the general threat of contracting COVID-19 is not an extraordinary and compelling reason warranting a sentence reduction).

Mr. Winkler claims that he is at an increased risk of experiencing severe COVID-19 symptoms because he suffers from various medical conditions. Having a history of a ruptured spleen and chronic pain are not conditions that increase or may increase the risk of severe COVID-19 symptoms. *See* https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last visited Mar. 4, 2021). At 5 feet, 10 inches tall and 200 pounds, Mr. Winkler's Body Mass Index (BMI) is 28.7. *See* https://www.nhlbi.nih.gov/health/educational/lose_wt/BMI/bmicalc.htm (last visited Mar. 4, 2021). The Centers for Disease Control and Prevention (CDC) has recognized that being obese—that is, having a BMI over 30—increases the risk of severe illness from COVID-19. https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last visited Mar. 4, 2021). It has also recognized that being overweight—that is, having a BMI over 25 but less than 30—may increase the risk of severe illness from COVID-19. *Id.* Mr. Winkler is overweight, but he is not obese. Being overweight is extremely common. Indeed, the CDC reports that 73.6% of adults aged 20 and over are overweight (including obesity). *See* https://www.cdc.gov/nchs/fastats/obesity-overweight.htm (last visited Mar. 4, 2021). Moreover, the CDC has not definitively established that being merely overweight increases the risk of severe COVID-19 symptoms. Accordingly, the Court declines to exercise its discretion to find that being overweight constitutes an extraordinary and compelling reason warranting a sentence reduction. *Cf. United States v. Jones*, No. 1:15-cr-92-JMS-MJD-01, dkt. 65 (S.D. Ind. Sept. 17, 2020) (concluding that hypertension is extremely common and, standing alone, not an

extraordinary and compelling reason warranting a sentence reduction); *United States v. Davis*, No. 3:02-cr-2-RLY-CMM-01, dkt. 142 (S.D. Ind. Nov. 17, 2020) (same).

Without any medical conditions that put him at increased risk of severe illness should he contract COVID-19, the Court cannot find that Mr. Winkler has shown extraordinary and compelling reasons to justify his release. This Court has routinely denied such motions from similar defendants, even when they are incarcerated in a "hotspot" for COVID-19 infections. *See United States v. Dyson*, 2020 WL 3440335, at *3 (S.D. Ind. June 22, 2020) (collecting cases).

Given the Court's determination that Mr. Winkler has not shown extraordinary and compelling reasons to grant his motions, the Court need not address whether Mr. Winkler is a danger to the community and whether the § 3553(a) factors weigh in favor of his release. *Id.* (concluding that it is not necessary to address the § 3553(a) factors or the question of danger to the community because the defendant had not demonstrated that extraordinary and compelling reasons justify any modification to his sentence).

### III.    Conclusion

For the reasons stated above, Mr. Winkler's motions for compassionate release, dkts. [671] and [676], are **denied**.

**SO ORDERED.**

Date: 3/9/2021

*James Patrick Hanlon*
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

All Electronically Registered Counsel